Ruiz, Plaintiff and Appellant, *v.* Municipal Judge of Aguadilla et al., Defendants and Appellees. (Pardo, Intervenor and Appellee.)

Appeal from the District Court of Aguadilla in Certiorari Proceedings.

No. 3091.—Decided May 23, 1924.

Venue—Change of Venue—Submission—Waiver—Quaere. — Whether a mere promise to pay at the domicile of the holder of the obligation constitutes an implied waiver of the debtor's right to be sued in the court of his domicile.

Judgment—Presumption—Error—Burden of Proof.—The presumption is that the judgment appealed from is correct and the burden is on the appellant to establish the existence of any error alleged to have been committed. It is not incumbent upon the appellee, nor upon the appellate court, to dissipate all doubt as to the soundness of the conclusion reached by the lower court, in the absence of any adequate showing to the contrary.

The facts are stated in the opinion.
*Messrs. A. and S. García Ducós* for the appellant.
*Mr. T. Torres Pérez* for the appellees.

*Messrs. García Méndez & García Méndez* for the intervenor.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Juana Pardo brought suit in the Municipal Court of Aguadilla against Manuel Ruiz Bellido for $166, balance due on two promissory notes for $125 each, payable to Juana Pardo, or her order, "at the domicile of the holder of this obligation."

Defendant, a resident of the Municipality of Añasco, applied for a change of venue on the ground of residence, which was opposed by plaintiff on the theory of submission by defendant to the jurisdiction of the court in which the suit was brought, by reason of the clause above quoted embodied in each of the notes.

The municipal court denied the motion and later refused a rehearing.

Defendant thereupon applied to the District Court of Aguadilla for a writ of certiorari, which was issued but later annulled; and petitioner, appellant herein, without any separate assignment of errors, intimates at intervals in the course of his brief that:

"*First Error.*—That the lower court erred in holding that no matter of procedure is involved herein;

"*Second Error.*—That the lower court erred in holding that by quashing the order refusing the change of venue it would be reviewing questions of fact and unduly entering upon a consideration of the merits of the original suit;

"*Third Error.*—That the lower court erred in holding that the order giving rise to this certiorari is not erroneous."

Most of the argument is devoted to the propositions involved in the first and second assignments, the soundness of which, for the purposes of this opinion, may be conceded.

Upon the main question, appellant is content to say that:

"It cannot be maintained that it is not error to regard as a waiver of domicile and a submission to that of the plaintiff the prom-

ise made by the alleged debtor, as shown by the contents of said documents, that he would make payment at the domicile of the holder of the notes.

"And no discretion may be exercised to construe a document in an extremely arbitrary way as has been done in the present case.

"Moreover, the party opposing the transfer did not state that Ruiz Bellido would have waived or submitted to any jurisdiction but 'that the debtor submitted to the *jurisdiction of the Municipal Court of Aguadilla*' (Line 2, p. 13 of Transcript of Evidence), something which the said debtor could not do and which, if done, would have been absolutely void; and it was gross error on the part of the said municipal court to sanction such issue of law and still greater error on the part of the appellate court to ratify such sanction."

It may be that both the municipal and the district court erred in construing the clause contained in the two promissory notes, but that proposition is not self-evident, nor is the mere fact, if it be a fact, that plaintiff made an unhappy choice of words in formulating her protest against the proposed change of venue a sufficient ground for reversal.

The general rule is in favor of the right of defendant to be sued in the place where he lives. We are inclined to the view that a waiver of this right, when a contract out of which litigation arises is relied on to show this, must be, if not in express terms, then necessarily, or at least clearly, implied. Nor are we disposed to take issue at this time with appellant upon the proposition that a mere promise to pay at the domicile of the payee or holder of a negotiable instrument does not meet these requirements.

But the judgment appealed from is presumed to be correct and the burden is upon appellant always to establish the existence of any error alleged to have been committed. It is not incumbent upon appellee, nor upon this court to dissipate all doubt as to the soundness of the conclusion reached below, in the absence of any adequate showing to the contrary.

Moreover, in the instant case, as pointed out by appellee, one of the questions raised in the district court was that petitioner had an adequate remedy by way of appeal from the order overruling the motion for a change of venue. If appellant had pursued this course, however, assuming for the sake of argument that the same was open to him, then the instant case would have found its proper place among that negligible number of instances in which a second appeal to this court does not lie.

But whether this suggestion of appellee be pertinent to any question now before this court or not, and regardless of the intrinsic merits of the proposition involved, we are not disposed, in a case of certiorari involving less than $200 and twice denied adversely to appellant by the lower courts, to undertake, without proper assistance on the part of appellant, the final determination at this time of an important and somewhat doubtful question of practice affecting the rights of all future litigants similarly situated.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.